DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP MORRIS USA, INC.** and **R.J. REYNOLDS TOBACCO COMPANY,**
Appellants,

v.

**JACQUELINE MECHELLE BLACKWOOD,** as Personal Representative of
the **ESTATE OF MARY ELNA COOPER,**
Appellee.

No. 4D16-897

[January 10, 2018]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case Nos. 08-026350 (19) and 08-080000 (19).

Mark A. Belasic and Dennis L. Murphy of Jones Day, Cleveland, Ohio; Jason T. Burnette of Jones Day, Atlanta, Georgia; and Benjamin M. Flowers of Jones Day, Columbus, Ohio, for appellant R.J. Reynolds Tobacco Company.

Patricia Melville of Boies, Schiller & Flexner, LLP, Miami; and Geoffrey J. Michael of Arnold & Porter Kaye Scholer LLP, Washington, D.C., for appellant Philip Morris USA, Inc.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach; and Scott P. Schlesinger and Jonathan R. Gdanski of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

In this *Engle*[1] progeny case, Philip Morris USA, Inc. and R.J. Reynolds Tobacco Company ("the defendants") appeal a final judgment in favor of Mary Cooper ("the plaintiff") and orders denying their various post-trial motions, and the appellee, the personal representative of the plaintiff's estate, cross-appeals the final judgment. The defendants raise two issues on which we affirm without further comment.

---

[1] *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).

However, we agree with the plaintiff's argument on cross-appeal that she should be permitted to seek punitive damages on her non-intentional tort counts. In the proceedings below, the trial court denied the plaintiff's motion to amend her complaint to seek punitive damages on her non-intentional tort claims based on *Soffer v. R.J. Reynolds Tobacco Co.*, 106 So. 3d 456, 459-61 (Fla. 1st DCA 2012), and *R.J. Reynolds Tobacco Co. v. Ciccone,* 123 So. 3d 604, 616 (Fla. 4th DCA 2013), which held that *Engle* progeny plaintiffs are bound by the procedural posture of *Engle* and thus are not entitled to seek punitive damages on those counts. After the trial court's determination, however, the Florida Supreme Court quashed those decisions and determined that *Engle* plaintiffs "are permitted to seek punitive damages on their claims for negligence and strict liability." *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1227 (Fla. 2016) (quoting *Philip Morris USA, Inc. v. Hallgren*, 124 So. 3d 350, 354 (Fla. 2d DCA 2013)).

Consequently, we reverse and remand. On remand, the plaintiff is entitled to seek leave from the trial court to add claims for punitive damages on her negligence and strict liability counts. Should the proceedings progress to trial, the jury should address both entitlement and amount with respect to the new claims.

*Reversed and remanded.*

CIKLIN, KLINGENSMITH, JJ., and BELANGER, ROBERT E., Associate Judge, concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***